**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20073-CM |
| ) | |
| CARRIE NEIGHBORS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Request Transfer to B.O.P. (Doc. 343).

**I.  Factual Background**

Defendant was charged with conspiring to manufacture marijuana, possessing firearms while being an unlawful user of a controlled substance, and manufacturing marijuana. Those charges were dismissed on April 16, 2012. However, defendant was convicted in case No. 07-20124-CM on September 22, 2010, and sentenced to 97 months imprisonment and two years of supervised release on January 12, 2011. On March 5, 2012, defendant filed a motion to request a transfer from CCA Leavenworth Detention Center to a federal prison in Texas, Illinois, or Arizona. Defendant did not give a reason for requesting the transfer other than that she is being held unconstitutionally. She says the U.S. Attorney plans to call her to testify against her husband, which violates her Fifth Amendment right not to testify against her spouse.

## II. Discussion

Inmates do not have a liberty interest in receiving any particular security status at any particular prison. *Claypool v. McKinna*, 3 F. App'x 750, 751 (10th Cir. 2001) (citing *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)). Inmates do not have a constitutional right to choose their place of confinement. *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986).

In addition, the Federal Bureau of Prisons (BOP) has the discretion to transfer inmates to other facilities "for whatever reason or for no reason at all." *Thomas v. Gunja*, 110 F. App'x 74, 76 (10th Cir. 2004) (quoting *Meachum v. Fano*, 427 U.S. 215, 228 (1976)). The BOP "has the authority to designate where a federal inmate will be imprisoned and to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" *Ciocchetti v. Wiley*, 358 F. App'x 20, 22 (10th Cir. 2009) (quoting 18 U.S.C. § 3621(b)).

Defendant says she is being held at CCA Leavenworth unconstitutionally because the U.S. Attorney plans to call her as a witness to testify against her husband. She says this violates her Fifth Amendment right not to testify against her spouse, and therefore there is no reason for her to remain in Leavenworth. However, this is unsupported speculation that, in any event, does not entitle her to a transfer.

Defendant does not have a constitutional right to decide where she will be imprisoned, and the BOP has discretion to designate where she will be imprisoned.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Request Transfer to B.O.P. is denied.

Dated this 26th day of June, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**